IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00011-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MARK WAYNE SAFFRAN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Government's Motion to Seal [Doc. 34].

The Government moves the Court for leave to file an unredacted Sentencing Memorandum [Doc. 33], under seal in this case. For grounds, counsel states that the unredacted memorandum concerns restitution, and as such contains certain information regarding minor victims and payment information. [Doc. 34]. While the Government's motion does not explicitly state what information is seeking to be sealed, the unredacted memorandum includes such information as the "series name" and pseudonyms associated with the minor victims. [See Doc. 33]. The Government has filed a redacted version of the memorandum in the public record. [Doc. 35].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on March 2, 2022, and it has been accessible to the public through the Court's electronic case filing system since that time. In addition to filing its motion, the Government has filed a redacted version of the Sentencing Memorandum that is accessible to the public. [Doc. 35]. Further, the Government has demonstrated that the redacted portions of the memorandum contain sensitive information and that the public's right of access to such information is substantially outweighed by the Government's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the document, the Court concludes that sealing of the unredacted memorandum is necessary to protect the privacy interests of the minor victims.

Accordingly, the Government's Motion to Seal is granted, and counsel shall be permitted to file an unredacted version of its memorandum under seal.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Seal [Doc. 34] is **GRANTED**, and the Government's unredacted Sentencing Memorandum [Doc. 33] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: March 9, 2022

Martin Reidinger
Chief United States District Judge